IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEDRICK JONES, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:18-cv-02213-B (BT) |
| | § | |
| LORIE DAVIS-DIRECTOR TDCJ, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Dedrick Jones, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Court should dismiss the petition as barred by limitations.

I.

In 2007, a jury convicted Petitioner of capital murder and sentenced him to life in prison. *State of Texas v. Jones*, No. F-0700898-I (2nd Crim. Dist. Ct., Dallas County, Tex., Aug. 24, 2007). On April 13, 2009, the Fifth District Court of Appeals affirmed Petitioner's conviction and sentence, *Jones v. State*, No. 05-07-01163-CR, 2009 WL 988647 (Tex. App. – Dallas 2009, pet. ref'd); and on September 16, 2009, the Court of Criminal Appeals denied a petition for discretionary review. PDR No. 0568-09.

Next, Petitioner filed a state habeas petition on April 23, 2010, *Ex parte Jones*, No. 74,353-01, and amended the petition on September 23, 2010. The Court of Criminal Appeals dismissed the petition as noncompliant on October 27, 2010.

1

Almost one year later, on October 5, 2011, Petitioner filed a second state habeas petition, *Ex parte Jones*, No. 74,353-03, which the Court of Criminal Appeals denied on February 1, 2012 without written order on the findings of the trial court without a hearing.

Petitioner filed this § 2254 petition on August 15, 2018 in which he argues the State failed to file a complaint, affidavit, and jurat in violation of state law. He claims this failure rendered the indictment void and deprived the court of jurisdiction over his case. He also claims his trial and appellate counsel were ineffective when they failed to argue the indictment was void and the court lacked jurisdiction. On October 16, 2018, Respondent filed a preliminary response arguing the petition is time-barred. Petitioner did not file a reply.

II.

A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which governs the present petition establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1]The statute provides that the limitations period shall run from the latest of--

2

Here, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on September 16, 2009. Therefore, Petitioner's conviction became final 90 days later, on December 15, 2009. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until December 15, 2010, to file his federal petition.

The filing of a state petition for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Statutory tolling, however, applies only during the pendency of a "properly filed" state habeas petition. 28 U.S.C. § 2244(d)(2).

---

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's first habeas petition was dismissed because it failed to comply with Rule 73.1 of the Texas Rules of Appellate Procedure. (*See* ECF No. 12-2 at 2.) The petition thus was not "properly filed" within the meaning of § 2244(d). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *see also Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999). Because Petitioner's first state habeas petition was not properly filed, it did not statutorily toll the limitations period.

On October 5, 2011, Petitioner filed his second state habeas petition. This petition was filed after the AEDPA limitations period expired, and thus did not toll the limitations period either.

Petitioner was required to file his § 2254 petition by December 15, 2010. He did not file his petition until August 15, 2018. His § 2254 petition is therefore untimely.

B.  Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally

4

where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. He has failed to establish that he was misled by the State or prevented in some extraordinary way from asserting his rights. He is therefore not entitled to equitable tolling.

### III.

The petition for a writ of habeas corpus should be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed July 2, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).